NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN BALEJA, on behalf of himself and all others similarly situated, | No. 22-56042 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00235-JGB-SP |
| v. | MEMORANDUM[*] |
| NORTHROP GRUMMAN SPACE AND MISSION SYSTEMS CORP. SALARIED PENSION PLAN; NORTHROP GRUMMAN BENEFIT PLANS ADMINISTRATIVE COMMITTEE; NORTHROP GRUMMAN CORPORATION; DOES 1 through 10, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted December 12, 2023
Pasadena, California

Before: TASHIMA, GRABER, and CHRISTEN, Circuit Judges.

Plaintiff John Baleja, on behalf of himself and a class of former employees

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of ESL, Inc., appeals the district court's partial summary judgment and partial judgment after a bench trial in his class action under the Employee Retirement Income Security Act ("ERISA") against Defendants Northrop Grumman Space and Mission Systems Corp. Salaried Pension Plan, Northrop Grumman Benefit Plans Administrative Committee, and Northrop Grumman Corp. We review de novo the district court's grant of summary judgment. Guenther v. Lockheed Martin Corp., 972 F.3d 1043, 1052 (9th Cir. 2020). We review de novo the district court's conclusions of law after trial, and we review for clear error its findings of fact. Yu v. Idaho State Univ., 15 F.4th 1236, 1241–42 (9th Cir. 2021). We affirm in part, reverse in part, and remand.

1. Plaintiffs' claim for equitable relief for Defendants' breach of fiduciary duty was timely filed. Plaintiffs allege that Defendants failed to disclose sufficiently a pension offset and the effects of the offset. Under ERISA, a claim for breach of fiduciary duty must be filed within "six years after . . . the date of the last action which constituted a part of the breach or violation." 29 U.S.C. § 1113(1)(A). Defendants bear the burden of proving untimeliness. Guenther, 972 F.3d at 1052.

Plaintiffs filed this action in 2017. ESL employees originally benefited from a plan known as the ESL Retirement Fund. In 1985, ESL employees were transferred to the TRW Salaried Pension Plan (or "TRW Plan"), and that plan

described an offset.  Defendants also described the offset in summary plan descriptions in 1985, 1993, 1995, 1999, 2000, 2001, 2008, and 2014.

Defendants' issuance of the 2014 summary plan description was the "last action" in a series of allegedly misleading statements about the pension offset.  29 U.S.C. § 1113(1)(A).  Because Plaintiffs filed this action three years later, well within the six-year statute of limitations, the district court erred in holding that Plaintiffs' claim was untimely.  We reject, as unsupported by law, Defendants' contention that Plaintiffs waived the argument about the 2014 summary plan description by failing to mention that specific document in the operative second amended complaint.  The complaint adequately put Defendants on notice that they had misinformed Plaintiffs about the effects of the offset.  See Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc., 63 F.4th 747, 763 (9th Cir. 2023) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted)).

2.  Although the district court did not address the merits of the claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), we exercise our discretion to reach this issue.  During oral argument, the lawyers for both sides agreed that we have discretion to reach the merits of the equitable claim, and we agree.  See, e.g.,

Nozzi v. Hous. Auth. of L.A., 806 F.3d 1178, 1199 (9th Cir. 2015) (concluding that the appropriate remedy was to remand with instructions to enter summary judgment in favor of the plaintiffs where, viewing the facts in the light most favorable to the defendant, there was no genuine issue of material fact for a factfinder to decide).

Pursuant to ERISA, 29 U.S.C. § 1022(a)-(b), a summary plan description "must explain 'the circumstances which may result in disqualification, ineligibility, or denial or loss of benefits' in a manner 'calculated to be understood by the average plan participant.'" King v. Blue Cross & Blue Shield of Ill., 871 F.3d 730, 741 (9th Cir. 2017) (quoting Scharff v. Raytheon Co. Short Term Disability Plan, 581 F.3d 899, 904 (9th Cir. 2009)). "[T]hat information must be 'sufficiently accurate and comprehensive to reasonably apprise' plan participants of their rights and obligations under the plan." Id.; see 29 C.F.R. § 2520.102-2(b) ("The format of the summary plan description must not have the effect to misleading, misinforming or failing to inform participants and beneficiaries. Any description of exception, limitations, reductions, and other restrictions of plan benefits shall not be minimized, rendered obscure or otherwise made to appear unimportant."). It is a breach of fiduciary duty to fail to comply with ERISA's disclosure requirements. King, 871 F.3d at 744–45.

Evidence in the record supports the conclusion that Defendants breached their fiduciary duty of disclosure by issuing a series of misleading statements that "rendered obscure" the pension offset. 29 C.F.R. § 2520.102-2(b). The 1985 TRW Plan stated that ESL employees' benefits under the TRW Plan would be subject to a pension offset. Specifically, the pension benefit would be:

> reduced by the amount listed opposite the Participant's name in Appendix J, said amount representing the age 65 actuarial annuity value of the Participant's account balance accrued under . . . the ESL Retirement Fund . . . excluding, for offset purposes, in the case of the ESL Retirement Fund, that portion of the account balance consisting of employee contributions or any amount rolled over from another tax-qualified pension plan.

But Appendix J never was completed for the ESL employees. The TRW Plan was amended in 1989 to eliminate the reference to Appendix J and to provide that ESL employees' benefits "shall be reduced by the amount which represents the age 65 actuarial annuity value of the Participant's account balance under the ESL Retirement Fund excluding, for offset purposes, that portion of the account balance consisting of employee contributions or any amount rolled over from another tax-qualified pension plan."

Various summary plan descriptions suggested that the former ESL employees' pension offsets would reduce their pensions by a relatively small amount. For example, the 2014 summary plan description stated:

> If you were employed by a business that was acquired by the Company (e.g., ESL or Firestone) and service credited under a prior

22-56042

retirement income plan also is credited under this Plan, the monthly benefit value of the other plan will be subtracted from the benefit under this Plan. For example, if the monthly straight life annuity benefit for all years of service is $800 and you receive (or received) the equivalent of a $200 monthly benefit from the prior plan, your net part A benefit is $600 ($800 - $200).

In fact, however, the summary judgment record shows that the offset resulted in much more significant pension reductions. For many former ESL employees, their pensions were reduced to zero following application of the offset. The trial record compels a similar conclusion. See Jensen v. EXC, Inc., 82 F.4th 835, 856–57 (9th Cir. 2023) (holding that, as to an issue of fact addressed at trial, the trial record supersedes the record existing at the time of a motion for summary judgment).

Defendants, however, refer to the 1985 summary plan description, which includes several examples of pension benefit calculations. Defendants also point out that, on its first page, the 1985 summary plan description discloses the possibility—albeit in complicated terms—that the offset could reduce a former ESL employee's pension to zero. Defendants also point to letters that individual ESL employees received in response to inquiries about their personal situations.

We conclude that genuine issues of material fact remain as to whether Defendants breached their fiduciary duty of disclosure by failing reasonably and accurately to apprise the former ESL employees of their rights under the ERISA plans. See 29 U.S.C. § 1022(a); 29 C.F.R. § 2520.102-2(b); King, 871 F.3d at 741. A jury reasonably could conclude that Defendants reasonably apprised the former

22-56042

ESL employees of the effect of the offset. Alternatively—particularly because summary plan descriptions "must 'be written in a manner calculated to be understood by the average plan participant,'" King, 871 F.3d at 741 (quoting 29 U.S.C. § 1022(a))—a jury reasonably could conclude that Defendants' confusing, convoluted, and misleading communications failed to meet ERISA's disclosure requirements. We therefore reverse the district court's summary judgment and remand for trial on the claim for breach of fiduciary duty.

3. In large part, the district court permissibly concluded, after a bench trial, that Defendants prevailed on Plaintiffs' ERISA claim for benefits under 29 U.S.C. § 1132(a)(1)(B). The district court properly reviewed the plan administrator's decisions for an abuse of discretion because the 1985 TRW Plan and a later Northrop plan granted the administrator authority to determine eligibility for benefits and to construe the terms of the plan. See Wit v. United Behav. Health, 79 F.4th 1068, 1087 (9th Cir. 2023) (explaining the standard of review of a plan administrator's decision). Despite the 1985 TRW Plan's reference to an "Appendix J" that never materialized, the plan administrator reasonably interpreted the plan as authorizing offsets for payouts from the ESL Retirement Fund. Defendants' plan described the offset and how it would be calculated, and the plan also stated that there would be no duplication of pension benefits payable under Defendants' plan. The plan administrator's interpretation did not violate tax law.

See McDaniel v. Chevron Corp., 203 F.3d 1099, 1117–18 (9th Cir. 2000) (holding that ERISA does not require a plan administrator to interpret a plan in accordance with 26 U.S.C. § 401(a)(25)).  Despite the arguably unfair result of Defendants' application of the offset, which caused the severe reduction or even elimination of many class members' pensions, the plan administrator did not abuse its discretion in applying actuarial assumptions, including an 8.5% rate of return on the payout from the prior pension plan.  See Wit, 79 F.4th at 1087 (holding that a plan administrator's decision is not an abuse of discretion if it is reasonable); see also Lockheed Corp. v. Spink, 517 U.S. 882, 887 (1996) ("Nothing in ERISA requires employers to establish employee benefit plans.  Nor does ERISA mandate what kind of benefits employers must provide if they choose to have such a plan.").

We hold, however, that the plan administrator abused its discretion by failing to conclude that the TRW Plan provided a guaranteed minimum monthly benefit irrespective of the ESL offset.  See Wit, 79 F.4th at 1087 (holding that a plan administrator's interpretation is an abuse of discretion if the interpretation is unreasonable).  Defendants argue that Plaintiffs waived this issue by failing to raise it until after trial, thus depriving the plan administrator of the opportunity specifically to interpret the relevant provision.  The district court, however, addressed the issue, and we exercise our discretion to do so as well.  See Wong v. Flynn-Kerper, 999 F.3d 1205, 1214 n.11 (9th Cir. 2021) (reaching potentially

waived question of law that district court addressed).  Article IV, Section 4.1 of the plan provides, at a minimum, for "a benefit formula of $20.00 for each Year of Benefit Service (subject to applicable reductions for age and the form of payment election)."

We conclude, as a matter of law, that the plan's text provides for a guaranteed minimum monthly benefit.  Section 4.1 refers to certain reductions but, unlike the other two alternative provisions for calculating a monthly benefit set forth in Section 4.1, it does not mention the ESL offset, nor does it cross-reference a formula that includes the ESL offset.  We reject Defendants' interpretation of the clause at the beginning of Section 4.1, which reads "Except as otherwise provided herein . . . ."  That clause clearly pertains to Article IV only and not, as Defendants posit, to the entire plan.  Because the meaning of the text is plain, any lost opportunity for testimony pertaining to this provision was harmless.  We remand for further proceedings on this portion of Plaintiffs' claim for benefits.

In sum, we reverse the district court's summary judgment on Plaintiffs' claim for breach of fiduciary duty and remand for trial on that claim.  We affirm the district court's judgment in favor of Defendants on Plaintiffs' claim for benefits, except that we reverse as to the claim for a minimum benefit and remand for further proceedings on that portion of the claim.

**AFFIRMED IN PART; REVERSED IN PART; and REMANDED.**  The

22-56042

parties shall bear their own costs on appeal.